# UNITED STATES DISTRICT COURT

WESTERN District of ARKANSAS

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| MICHAEL RAYMOND JOHNSON | Case Number: 2:04CR20055-001 & 2:04CR20058-001 |
| | USM Number: 07563-010 |
| | James B. Pierce |
| | Defendant's Attorney |

**Date of Original Judgment:** June 7, 2005
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  One (1) of each Indictment on November 15, 2004
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 664 | Embezzlement from Employee Benefit Plan in Case # 2:04CR20055-001 | 12/29/2000 | 1 |
| 18 U.S.C. § 1014 | False Statement on a Loan Application in Case # 2:04CR20058-001 | 02/28/2002 | 1 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed within the statutory range and the U.S. Sentencing Guidelines were considered as advisory.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 7, 2005
Date of Imposition of Judgment

/S/ Robert T. Dawson
Signature of Judge

Honorable Robert T. Dawson, United States District Judge
Name and Title of Judge

August 16, 2005
Date

DEFENDANT: MICHAEL RAYMOND JOHNSON
CASE NUMBER: 2:04CR20055-001 & 2:04CR20058-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: twenty-one (21) months. This term consists of twenty-one (21) months in Case # 2:04CR20055-001 and twenty-one (21) months in Case #2:04CR20058-001, terms to run concurrently, and term to run consecutively with any undischarged term of imprisonment with the Arkansas Department of Corrections.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 3 — Supervised Release                                                                 (NOTE: Identify Changes with Asterisks (*))

Judgment—Page     3     of     8

DEFENDANT:        MICHAEL RAYMOND JOHNSON
CASE NUMBER:      2:04CR20055-001 & 2:04CR20058-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     five (5) years.
This term consists of three (3) years in Case #2:04CR20055-001 and five (5) years in Case #2:04CR20058-001, terms to run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
       future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
       student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's

DEFENDANT: MICHAEL RAYMOND JOHNSON
CASE NUMBER: 2:04CR20055-001 & 2:04CR20058-001

# SPECIAL CONDITIONS OF SUPERVISION

1. In addition to the mandatory drug testing requirements, the defendant shall comply with any referral deemed appropriate by the U.S. Probation Officer for in-patient or out-patient evaluation, treatment, counseling or testing for substance abuse, including urinalysis for testing purposes.

2. The defendant shall submit his person, residence, place of employment, and vehicle to a search conducted by the United States Probation Office at a reasonable time and in a reasonable manner based upon reasonable suspicion of evidence of violation of any condition of supervised release. The defendant shall warn any other residents that their premises may be subject to search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

DEFENDANT:         MICHAEL RAYMOND JOHNSON
CASE NUMBER:       2:04CR20055-001 & 2:04CR20058-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6, Part A.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ - 0 - | $ 50,377.82 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered In Case # 2:04CR20055-001** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Donald C. Boyd<br>2093 Blue Horizon Drive<br>Morgantown, WV 26501-2050 | | $844.55 | **#1*** |
| Linda S. Cummins<br>2093 Blue Horizon Drive<br>Morgantown, WV 26501-2050 | | $933.90 | **#1*** |
| Lynn Gilmore<br>9148 W. State Hwy. EE<br>Springfield, MO 65802 | | $888.87 | **#1*** |
| **TOTALS** | $ | $ 50,377.82 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   X   the interest requirement is waived for the    X   fine and/or restitution.

   ☐   the interest requirement for the    ☐   fine and/or   ☐ restitution is modified as follows:


* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MICHAEL RAYMOND JOHNSON
CASE NUMBER: 2:04CR20055-001 & 2:04CR20058-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered In Case # 2:04CR20055-001 | Priority Order or Percentage of Payment |
|---|---|---|---|
| Marithia Gonzales<br>3928 Chesterwood Drive<br>Silver Spring, MD 20906 | | $1,705.79 | **#1** * |
| Shiloh Henry<br>P. O. Box 8262<br>Ft. Smith, AR 72902 | | $302.95 | **#1** * |
| Jamie Kay Wrenshall<br>6525 Hearthstone Dr.<br>Raleigh, NC 27615 | | $300.00 | **#1** * |
| Helene Lewis<br>8927 Fresno Ct.<br>Fort Smith, AR 72903 | | $462.60 | **#1** * |
| Leona Montero<br>177 21st St. #2F<br>Fond Du Lac, WI 54935 | | $1,400.00 | **#1** * |
| Jose` Morin<br>829 Camargo Way, Apt. 101<br>Altamonte Springs, FL 32714 | | $162.88 | **#1** * |
| Norma Nuss<br>Route 1, Box 218-A1<br>Bokoshe, OK 74930 | | $630.00 | **#1** * |
| Paul Phillips<br>20405 Runnymede St., Apt. 2146<br>Conoga Park, CA 91306 | | $1,674.58 | **#1** * |
| Jeannie Story<br>8909 Gate Nine Terrace<br>Fort Smith, AR 72916 | | $71.70 | **#1** * |
| **Total Restitution Case # 2:04CR20055-001** | | **$9,377.82** | |

  * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MICHAEL RAYMOND JOHNSON
CASE NUMBER: 2:04CR20055-001 & 2:04CR20058-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered In Case #2:04CR20058-001 | Priority Order or Percentage of Payment |
|---|---|---|---|
| Long Beach Mortgage<br>Attn: Brett Atkinson<br>1400 South Douglass Rd.<br>Suite 100<br>Anaheim, CA 92086<br>Re: Loan #0044421352<br>Washington Mutual Bank | | $41,000.00 | **#2** * |
| **Total Restitution in Case #2:04CR20058-01** | | $41,000.00 | |
| **Total Combined Restitution in Both Cases** | | $50,377.82 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page 8 of 8

DEFENDANT: MICHAEL RAYMOND JOHNSON
CASE NUMBER: 2:04CR20055-001 & 2:04CR20058-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** X  Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than _____ , or
X in accordance with  ☐ C,  ☐ D, or  X E below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** X Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $500.00 per month, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Christi Johnson, Case No. 2:04CR20063-001 - $41,000.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.